MOSES JONES, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In case of a deficiency in a grand jury, arising from the fact that some of the number named in the venire issued to the sheriff or other officer have not been summoned, or that a portion so summoned have been excused by the court for the term, it is discretionary with the court to order that such deficiency be filled, either from the list furnished by the County Commissioners, by drawing from the box, or from the body of the county.

2. In an indictment for burglary in the night time, *with intent* to commit larceny of money, goods and chattels, it is not necessary to aver what specific money, goods or chattels were *intended* to be stolen, or the name of the owner thereof.

3. When the record shows the propositions of law which counsel ask the court to give in his charge to the jury to be in writing, and an endorsement of the court thereon in writing "refused," with the date and the name of the Judge, no evidence appearing to the contrary, it will be held that the court did conform to the law in declaring "in writing to the jury his ruling thereupon as presented, and pronounce the same to the jury as given or refused."

Writ of Error to the Circuit Court for Leon county.

Section 15 of Chapter 1628, McClellan's Digest, page 623, is as follows:

"If for any cause the whole number of any grand or petit jury should fail to be summoned, the Judge of the court may direct the clerk to draw grand and petit jurors, and issue a venire to the sheriff or other officer directing him forthwith to summon a sufficient number for such grand and petit juries."

The other facts of the case are stated in the opinion.

*J. T. Bernard* for Plaintiff in Error.

*The Attorney-General* for The State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

The record in this case shows that on the 21st day of November, A. D. 1881, a Circuit Court was held at Tallahassee, in the county of Leon, and that on that day the venire facias previously issued for eighteen grand jurors to serve at that term was returned by the sheriff of that county; that by such return it appeared that three of the persons named in such venire were not found in the county, and that the other fifteen had been duly summoned; that

on the same day four of the persons named in the venire and so duly summoned were, by the court, excused for the term, making a deficiency in the number requisite to form a grand jury. The court directed another venire to be issued, commanding the sheriff to return forthwith from the body of the county seven qualified persons to make up such deficiency. On the same day the sheriff executed the said writ by summoning seven persons so to serve as grand jurors for that term of the court and made his return. The grand jury was empanelled on the same day, consisting of seventeen persons, among whom were the persons so summoned by the sheriff on the second venire facias issued to him. On the 23d November they presented an indictment against the Plaintiff in Error, alleging that he, on the 20th day of August, 1881, " in the night time of said day, to-wit: at the hour of eleven o'clock in the evening of said day, with force and arms, at and in the county of Leon aforesaid, the dwelling-house of one John A. Pearce, there situate, feloniously and burglariously did break and enter with intent to commit felony, to-wit: to steal, take and carry away money, goods and chattels of the value of more than twenty dollars, against the form of the statute," &c.

To this indictment the defendant filed his plea in abatement, and says " that the whole number of the grand jury drawn for this term of the court not having been summoned, the court did not direct the clerk to draw a sufficient number to complete the said grand jury from the list furnished by the County Commissioners as provided by law, and to issue a venire for the summoning of the persons so drawn, but that portion of said grand jury were summoned by the sheriff of said county without having been so drawn."

To this plea the State's attorney demurred and the plea was overruled by the court. The defendant was then tried

and found guilty. The counsel for the defendant asked the court to charge the jury that, " the indictment to charge larceny or intent to commit larceny after the breaking must allege the name of the owner, and specify the particular articles stolen, or attempted to be stolen," and also that " if no larceny or intent to commit larceny is alleged in the indictment, the jury must acquit the prisoner." Such instructions were refused by the court.

The counsel for the defendant then moved for an arrest of the judgment upon the following grounds:

1. The whole number of the grand jurors drawn for this term of the court, and for whom a venue had been issued, were not summoned, and a portion of said grand jury were summoned by the sheriff without their names having been drawn by the proper officers according to law.

2. There was no larceny set forth in said indictment, because—1st, the moneys, goods and chattels alleged as having been stolen were not specifically mentioned, and 2d, there was no ownership alleged.

This motion was denied by the court, and the defendant brings his case here by writ of error and assigns errors in substance as follows:

I. The whole number of jurors drawn for the term of the court not having been summoned, it was the duty of the court to direct the clerk to draw a sufficient number to complete the jury from the list furnished by the County Commissioners in the same manner as provided by law for the drawing in the first instance ; that the court erred in directing a venire to issue to the sheriff to make up the deficiency by summoning seven qualified persons from the body of the county, and that the plea in abatement should have been sustained.

II. That the court erred in holding that it was unnecessary in an indictment for burglariously breaking and enter-

Jones v. The State—Opinion of Court.

ing into a dwelling-house in the night time, with intent to steal, that a description of the property stolen or attempted to be stolen should be given.

III. That the court erred in ruling that it was unnecessary to charge ownership of the property so stolen or attempted to be stolen.

IV. That the court erred in this that the counsel for the defence having presented to the Judge instructions in writing on points of law, to be given to the jury, the Judge did not declare in writing to the jury his ruling thereupon as present, and pronounce the same to the jury as given or refused.

The first alleged error brings up the question of the legality of the grand jury, and the plea in abatement was a proper method to raise this question before pleading in bar. The counsel for the plaintiff in error insists that there having been a failure on the part of the sheriff to find within the county and summon the whole number of grand jurors named in the first venire, and the court having excused from duty some of those who had been duly summoned, that the deficiency in the panel should have been made up by drawing from the box containing the list of three hundred in the same manner as the original jury were drawn, and cites Section 32 of Chapter 1628, Laws 1868. On the 20th day of February, 1875, (Chapter 2046,) an act was approved, which changes the effect and operation of the section so cited, if it does not entirely repeal such section. That act in section one provides: "That whenever, for any cause, no grand or petit jurors have been drawn and summoned in the manner provided by law for any regular terms of the Circuit Courts of this State, it shall be lawful for said courts, or the Judges thereof, to order the clerks of said courts to issue special venires for a sufficient number of such jurors for said terms to be directed to the sheriff,

* * * * commanding him to summon from by-standers, or the body of the county at large, the number of qualified jurors so ordered." Without reference, however, to the act of 1875, the section 32 so cited does not bear the construction put upon it by the counsel for the plaintiff in error. The words " whole number " in that section do not mean as there used a mere deficiency in the panel, but must be construed to mean the entire panel. It provides for a case where no venire has been issued by the clerk in accordance with law, or there had been an entire failure upon the part of the proper officer to execute it. When a venire has properly issued and been executed and returned, and the requisite number of persons to constitute a grand jury do not appear and answer according to the requirements of the writ, then there is a deficiency which is to be filled in accordance with section ten of the same act. This section provides that " in case of a deficiency of grand jurors in any court writs of venire facias may be issued to the proper officer to return forthwith such further number of grand jurors as may be required."

The counsel also cites Gladden vs. The State. 13 Fla., 623. This case was decided before the act of 1875 was passed, and endorses what we have in this opinion said. In that case the record disclosed the fact that there was a failure to summon the *whole number of petit jurors*, and the court held that in such case, under section 32 of the act of 1868, the jurors must be drawn and summoned "according to the provisions of this chapter," that is from the list as provided by the County Commissioners. It will be seen that section ten above cited, providing for the summoning of persons to fill deficiencies, applies only to grand jurors and not to petit jurors. If an entire grand or petit jury may be drawn and summoned from by-standers or the body of the county, as provided by the act of 1875, we can see no

impropriety in permitting deficiencies in grand juries to be filled in this way. In the case of Dukes vs. State, 14 Fla., 499, this court held that when there was a deficiency of grand jurors it was not error in the court to restrict the sheriff, in the execution of the venire, in his selection to persons drawn from the list furnished by the County Commissioners. It says: "There is no statute which prohibits. this. There is no. statutory provision to the effect that this selection shall be left to the discretion of the officer." * * * "In the absence of any statute controlling the matter, we think it was clearly within the power of the court to adopt a rule, and we think the rule here adopted, being in entire conformity with the theory upon which the whole system is based, was eminently proper." It would therefore seem to be discretionary with the court whether the sheriff or other officer executing the writ shall be restricted in filling such a deficiency to persons drawn from the lists furnished by the County Commissioners, or may summon them from the body of the county. In the exercise of such discretion in this case, the court by its writ commanded the sheriff to summon sufficient jurors to make up such deficiency from the body of the county, as by law he had the right to do.

The second and third errors assigned are that the court erred in ruling, first, that it was unnecessary in such an indictment to give a description of the property stolen or attempted to be stolen ; and, second, that it was unnecessary to charge ownership of such property.

The statute under which this indictment was found provides that " whoever breaks and enters a dwelling-house in the night time with such intent, (i. e., ' with intent to commit the crime of murder, rape, robbery, larceny or other felony,') or having entered with such intent, breaks such dwelling-house in the night time," &c., shall be punished,

&c. The indictment charges that the defendant, "the dwelling-house of one John A. Pearce, there situate, feloniously and burglariously did break and enter with intent to commit felony, to-wit: to steal, take and carry away money, goods and chattels of the value of more than twenty dollars," &c. There is no evidence taken upon the trial before us, as there was no bill of exceptions made up, but unless the defendant did steal, take and carry away money, goods or chattels, it would be very difficult to charge or prove what particular articles of property he intended to steal, or who was the owner of such property. The question of such intent must be left to the jury to be determined from the evidence produced on the trial. If the evidence did show that certain money, goods and chattels were taken and carried away, that would be conclusive as to the intent to commit a crime; and if it also showed that such money, goods and chattels belonged to John A. Pearce, the owner of the house, that would show the ownership. The charge of burglary with intent to commit a larceny will be supported by evidence of a larceny actually committed. But we are not left entirely in the dark in this matter so far as authorities are concerned. In the case of Spencer vs. The State, 13 Ohio, 401, the precise question has been decided. The court there well says: "If it be necessary to specify with certainty the particular goods and chattels which the burglar designs to steal, when the felonious breaking is made with such guilty intention, but he is arrested in his progress before a larceny is actually committed, it appears to us the main object of this statute would be in a great measure defeated. Every material averment in an indictment must be proved. The law would not presume an intention to select one article in preference to another. * * * Upon what principle would it be presumed, if goods and chattels were specified, that they were the ones intended to

be taken in preference to others? And how could this material fact, thus averred, be proved? Very few, it is perfectly clear, would be the cases in which it could be done, though the general intent to steal might be perfectly manifest from the time, manner and other surrounding circumstances of the entry. We are therefore of the opinion it is not necessary to the sufficiency of the indictment, under this statute, that it should describe any specific goods and chattels intended to be stolen." The same reasoning applies to the ownership of the property. It would be equally difficult to determine, where the dwelling was the home of a large family or a number of persons, not only what but whose particular chattels or money were sought to be taken by the one making such burglarious entry. The evidence only can determine the property, if any were taken, and the ownership of such property. We think, therefore, that the allegations in the indictment in this respect were sufficient.

The fifth and last assignment of error is as follows: "That the counsel for the defence having presented to the Judge instructions in writing on the points of law to be read to the jury, the Judge did not declare in writing to the jury his ruling thereon, or present and pronounce the same to the jury as given or refused." There is no evidence of such dereliction of duty on the part of the Judge; on the contrary the record contains the propositions of law upon which the defence asked the court to charge the jury in writing, and immediately thereunder are written the words "Refused, December, 1881," and signed by the Judge. The ruling of the court was in writing, and there is no evidence in the record that he did not read his written endorsement to the jury, even if that was necessary.

Judgment affirmed.