MARION FOGLER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion filed June 26, 1928.

*John E. Hartridge,* of Jacksonville, for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for the State.

STRUM, J.—Upon an indictment charging murder in the first degree, plaintiff in error was convicted of manslaughter.

Four assignments of error are relied on for reversal. The first is based upon the giving of the following charge by the trial court of its own motion and in the absence of a request from the defendant:

"Under the laws of this state, a defendant has the right to take the stand and testify in his own behalf, and such testimony goes before you the same as the testimony of any other witness in the case to be weighed and considered according to the same rule, but the fact

that he does not testify cannot be considered by you to his prejudice.''

Defendant concedes that it is proper to give such a charge at the request of the defendant, but urges that it is reversible error to give it in the absence of a request from the defendant because to do so violates the spirit of Sec. 6080, Rev. Gen. Stats., which is as follows:

''No accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or the court to comment on the failure of the accused to testify in his own behalf.''

Such a charge has frequently been considered and the action of the trial court in giving it of its own motion held without error in states having statutes identical with, or similar in substance to, Sec. 6080, *supra*. Those courts have held with striking unanimity that the prohibition of the statute does not apply, either in letter or spirit, to charges of the court which are otherwise proper. Such a charge is held to be in the interest of the defendant and properly given by the trial court of its own motion to allay all possibility that the jury might draw improper inferences from the failure of the defendant to testify. The spirit of the section is to relieve the defendant of any prejudice in the minds of the jury which might result from his failure to testify, and further to prohibit any adverse comment on that account by the prosecutor; but for a court to direct a jury in the course of the charge that they shall not consider the failure of the defendant to testify in making up their verdict is certainly not prejudicial to the defendant but is in his interest. Without the charge a prejudicial inference might frequently be drawn. The

charge merely supplements the "presumption of innocence" charge with particular reference to the failure of the accused to testify. While it may not be necessary in all cases to give the charge (see Robert v. State, 72 Fla. 132, 72 So. R. 649), it is not reversible error to do so. State v. Cleaves, 59 Me. 298; State v. Bartlett, 55 Me. 200; State v. Weems, 96 Ia. 426; State v. DeWitt, 186 Mo. 61; Ferguson v. State, 52 Neb. 432; People v. Hayes, 140 N. Y. 496; State v. Wisnewski, 13 N. D. 648, and the many cases cited in the note thereto reported in 3 Am. & Eng. Ann. Cas., 907; 16 C. J. 1021.

The charge here considered is more favorable to the accused than that approved in Prevatt v. State, 82 Fla. 284, 89 So. R. 807. See also the discussion in O'Steen v. State, 111 So. R. 725; and Hampton v. State, 50 Fla. 55; 39 So. R. 421.

The second and fourth assignments question the form of the verdict, which was as follows:

"July 23-1926. We the jury find the defendant guilty of manslaughter. So say we all."

"F. S. BRUNSON."

The objection is that the verdict is not entitled as having been returned in any cause or court, nor does the person who signed the same style himself as foreman.

Verdicts should be construed with reference to the entire record, all fair intendments consistent with the record being indulged in support of the verdict, and if when so construed it is definite and clearly expresses the manifest intention of the jury and is otherwise legal, mere inaccuracies of expression or form will not vitiate the verdict. O'Neal v. State, 54 Fla. 96, 44 So. R. 940; Bass v. Doolittle, 112 So. R. 892. While it is a universal custom in this state,

and certainly the proper practice, for verdicts to be signed by one of the jury foreman, there is no statute requiring that to be done, nor was it required at common law. Such an omission, though contrary to good practice, is not in and of itself fatal to the verdict. 22 Am. & Eng. Enc. Pldg. & Prac., 898, and the many cases cited. The record shows that the person signing the verdict was duly sworn as one of the jurors to try the case. There was no reversible error in overruling defendant's motion in arrest of judgment, upon which these assignments are based, particularly in view of Sec. 2812, Rev. Gen. Stats. 1920.

The third assignment asserts that the trial court erred in not granting the motion for a new trial upon the thirteenth ground thereof, which recites that during his argument the Assistant State Attorney took from the clerk's desk and flourished in his hand a pistol which had not been filed in evidence while he argued to the jury that the defendant was the only man in the house that night (the night of the homicide) that had a pistol, and one identified by a witness as similar to the one that the prosecutor then held in his hand. Defendant objected to such use of the pistol, and asked the judge to charge the jury to disregard it, which instruction the trial judge then gave.

The foregoing incident is exhibited to this court only by recital in the motion for a new trial. There is elsewhere in the bill of exceptions no mention of the incident, nor of any exception to the ruling of the trial judge.

Recitals in a motion for new trial are not evidence or proof of the truth of the facts stated or asserted therein, and the mere recital in such a motion of an incident occurring in the argument of the State Attorney does not bring such matter before this court for review. Richardson v. State, 28 Fla. 349, 9 So. R. 704; Nickels v. State, 86 Fla. 208, 98 So. R. 497, 502, 99 So. R. 121. In order that this

court shall consider an assignment of this nature, it is necessary not only that there be an objection by the defendant, a ruling by the trial court and an exception duly reserved (see Hysler v. State, 85 Fla. 153, 95 So. R. 573; Brown v. State, 108 So. R. 842), but that those steps, together with the objectionable language or conduct, be properly evidenced to this court by the bill of exceptions in a manner other than by a mere recital in the motion for a new trial. Finalyson v. State, 46 Fla. 81, 35 So. R. 203; Baxley v. State, 72 Fla. 228, 72 So. R. 677; Young v. State, 70 Fla. 211, 70 So. R. 19. See also Blocker v. State, 105 So. R. 316; McCune v. State, 42 Fla. 192, 27 So. R. 867; Weightnovel v. State, 46 Fla. 1, 35 So. R. 856.

Furthermore, so far as the record discloses, all that the defendant asked at the time of the incident was granted, the Court at the time instructing the jury to disregard the language of the State Attorney. See Taylor v. State, 102 So. R. 884.

Finding no error the judgment is affirmed.

WHITFIELD, TERRELL, BROWN AND BUFORD, J. J., concur.

ELLIS, C. J., dissents.