142 So.2d 318 (1962)
Richard GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 2766.
District Court of Appeal of Florida. Second District.
June 20, 1962.
*319 R.J. Randolph of Randolph & Houk, Stuart, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
ALLEN, Acting Chief Judge.
Richard Garcia was convicted of the crime of breaking and entering an automobile with the intent to commit petit larceny and was sentenced to serve from six months to three years in the state prison.
The main contention of the appellant Garcia is that the evidence was insufficient to convict the defendant of the charge of breaking and entering with intent to commit a misdemeanor.
It is strongly urged that the State failed to prove the value of any property in the automobile and that, on the contrary, the testimony of the owner Troutman showed that there was nothing of value in the automobile.
The appellant also contends that the lower court erred in failing to declare a mistrial on the motion of the defendant.
We shall discuss this latter ground first. The defendant and one Richardson were jointly informed against for unlawfully and feloniously breaking and entering a certain automobile, the property of Clardy Troutman, with intent to commit a misdemeanor therein, to-wit: to take, steal and carry away the money, goods, property and chattels of another of a value of less than one hundred dollars.
The State's attorney asked the defendant if Richardson had been tried on a similar charge as this. The lower court sustained the objection to the question, but denied the motion to declare a mistrial.
The matter of granting or refusing to grant a motion for mistrial is largely discretionary with the trial judge. If the judge determines that the question improperly asked does no substantial harm to the rights of the accused, the motion should be denied. See Perry v. State, 146 Fla. 187, 200 So. 525, text 527.
Under the facts adduced in this case, we hold that the lower court committed no error in refusing to declare a mistrial.
We turn next to the question of whether or not the offense of breaking and entering an automobile with intent to commit petit larceny can be made out when there was nothing of value in the automobile broken into and entered. No case has been found nor have we been furnished one where this identical question has arisen under Florida Statutes § 810.051, F.S.A. There are cases which determine this point under § 810.05 which relates to breaking and entering a building with intent to commit larceny.
In the early case of Jones v. State, 18 Fla. 889, where the statute under which the indictment was found provided that "whoever breaks and enters a dwelling-house in the night time with such intent, (i.e., `with intent to commit the crime of murder, rape, robbery, larceny or other felony,') or having entered with such intent, *320 breaks such dwelling-house in the night time," etc. The indictment charged that the defendant "feloniously and burglariously did break and enter with intent to commit felony, to-wit: to steal, take and carry away money, goods and chattels of the value of more than twenty dollars." The court, in its opinion, said:
"* * * The charge of burglary with intent to commit a larceny will be supported by evidence of a larceny actually committed. But we are not left entirely in the dark in this matter so far as authorities are concerned. In the case of Spencer v. The State, 13 Ohio 401, the precise question has been decided. The court there well says: `If it be necessary to specify with certainty the particular goods and chattels which the burglar designs to steal, when the felonious breaking is made with such guilty intention, but he is arrested in his progress before a larceny is actually committed, it appears to us the main object of this statute would be in a great measure defeated. Every material averment in an indictment must be proved. The law would not presume an intention to select one article in preference to another. * * Upon what principle would it be presumed, if goods and chattels were specified, that they were the ones intended to be taken in preference to others? And how could this material fact, thus averred, be proved? Very few, it is perfectly clear, would be the cases in which it could be done, though the general intent to steal might be perfectly manifest from the time, manner and other surrounding circumstances of the entry. We are therefore of the opinion it is not necessary to the sufficiency of the indictment, under this statute, that it should describe any specific goods and chattels intended to be stolen.' The same reasoning applies to the ownership of the property. It would be equally difficult to determine, where the dwelling was the home of a large family or a number of persons, not only what but whose particular chattels or money were sought to be taken by the one making such burglarious entry. The evidence only can determine the property, if any were taken, and the ownership of such property. We think, therefore, that the allegations in the indictment in this respect were sufficient."
In Charles v. State, 36 Fla. 691, 18 So. 369, the Court held that it is not necessary in indictment under the statute for breaking and entering a building in the night time with intent to commit a misdemeanor by stealing to allege that the property intended to be stolen was actually in the building at the time of the breaking and entry thereof. The Supreme Court in its opinion said:
"* * * The breaking and entry with the criminal intent constitute the gist of the offense. The intent cannot, however, be laid in mere general words. It is not sufficient to say that the defendant broke and entered with intent to commit a misdemeanor, but the kind of misdemeanor must be specified. The specification need not be as minute as would be necessary in an indictment for the commission of the misdemeanor. Bish.Cr.Proc. § 142. This court has held that it is not even necessary in an indictment of this character to specify what goods and chattels were intended to be stolen. Jones v. State, 18 Fla. 889. If it was not necessary to specifically describe the goods intended to be stolen, the description of the offense in the indictment was fuller and more specific than it needed to be. If a description of the property intended to be stolen was unnecessary, then it follows, as a matter of course, that it is not necessary to designate the exact situation of the property, which it was not necessary to name at all. Upon principle we cannot see how the question as to whether *321 the property was or was not in the building broken and entered affects the guilt of the defendant. Suppose that, in apprehension of an effort to steal the property, the same had been removed from the building an hour or two before the breaking and entry, and the defendant, not knowing of such removal, breaks and enters with the criminal intent to steal the property. His guilt under such circumstances would be just as complete as if the property were in the building at the time of the breaking and entry. In this matter we fully agree with the view of Chief Justice Shaw, expressed in Josslyn v. Com., 6 Metc. (Mass.) 236, as follows:
"`Nor is it necessary to describe the goods intented to be stolen. A general intent to steal goods would complete the offense; and therefore the averment of such intent, without more, is sufficient to charge it. And the rule would be the same if in fact there were no goods, or no goods of Fogg, in the shop. The crime was complete by the breaking and entering with an intent to steal goods.' The motion to quash the indictment was properly overruled."
For further discussion on this question, see Jalbert v. State, Fla. 1957, 95 So.2d 589; Mallah v. State, Fla.App. 1960, 121 So.2d 667; and Scott v. State, Fla.App. 1962, 137 So.2d 625.
We hold that it was not necessary for the State to prove that there was any property of any value in the automobile. The crime was complete by the breaking and entering the automobile with intent to commit the larceny charged.
Affirmed.
SMITH, J., and LOVE, WILLIAM K., Associate Judge, concur.