TILLMAN PEARSON, Judge.
The appellant was adjudged guilty of criminal abortion. He has appealed the judgment and presents a single point:
“WHETHER THE TRIAL COURT ERRED IN INSTRUCTING COUNSEL FOR APPELLANT DURING THE COURSE OF THE TRIAL BELOW THAT IN THE EVENT THAT THE APPELLANT TOOK THE STAND IN HIS OWN BEHALF HE WOULD BE OBLIGED TO ANSWER AFFIRMATIVELY IF ASKED WHETHER HE HAD BEEN CONVICTED OF A CRIME DESPITE THE FACT THAT HE FIAD BEEN GRANTED A FULL PARDON FOR THE CRIME BY THE PROPER AUTHORITIES OF THE STATE OF FLORIDA.”
The only mention in the record of the point appealed appears in appellant’s mo *450 tion for a new trial and argument thereon. Ground “5” of the motion was as follows:
“5. That the Court erred when it instructed the State Attorney and the attorney for the defendant at the conclusion of the State’s case, that if the defendant took the witness stand the State would be permitted to ask the defendant if he had ever been convicted of a crime, and that the defendant would be required to answer, yes, but I was granted a full pardon, and said ruling made it impossible for defendant to testify in his own behalf.”
 Recitals in a motion for new trial are not evidence or proof of the facts asserted therein and where there is no other evidence in the record of the truth of the facts asserted, it cannot be considered by an appellate court. Baxley v. State, 72 Fla. 228, 72 So. 677 (1916); Fogler v. State, 96 Fla. 68, 117 So. 694 (1928). However, in the instant case the trial judge made the following comments during argument on the motion for new trial which appear in the record:
“THE COURT: * * * I think the Court has the power to make a record that speaks the truth.
“What you [appellant’s counsel] say, I recall you coming into my chambers with Mr. Klein and Mrs. Morphonios. You had a book, and you asked me to read the case. I read it. You asked me, if your client took the stand, would I allow the State, or if you or we asked him whether he had ever been convicted, whether he had a pardon, whether he would have to say yes, and if not — I had said yes. There was no official ruling. What you do or do not do, it’s up to you. You can go ahead and argue the law and I’ll rule on the law.” .
We believe this constitutes a sufficient basis in the record to establish the fact that the trial judge was asked his opinion in chambers and that he gave the reply indicated.
However, notwithstanding this, it is apparent that error may not be predicated upon the trial judge’s comments because the question was not properly presented in the trial court. It affirmatively appears that the appellant chose not to take the stand and thereby gained a procedural advantage. Now, having accepted that advantage but nevertheless having suffered a verdict against him, he attempts to gain an opportunity to try it the other way. It does not appear that there was a ruling or that there was an objection made to the trial court at the time this matter was presented. Lee County Oil Company v. Marshall, Fla.App.1957, 98 So.2d 510.
Affirmed.