187 So.2d 59 (1966)
Frank HARVEY and Jesse Webster Joyner, Appellants,
v.
STATE of Florida, Appellee.
No. 268.
District Court of Appeal of Florida. Fourth District.
June 1, 1966.
Rehearing Denied June 23, 1966.
*60 Edward R. Kirkland, of Kirkland, Johnson, Smith & Ervin, Orlando, for appellants.
Earl Faircloth, Atty. Gen., Tallahassee, and James T. Carlisle, Asst. Atty. Gen., Vero Beach, for appellee.
ANDREWS, Judge.
The defendants, Frank Harvey and Jesse Webster Joyner, appeal from judgments entered upon a jury verdict finding the defendants guilty of aiding and assisting in promoting and conducting a lottery; unlawfully setting up, promoting and conducting a lottery; and being interested in and connected with a lottery.
At the outset of the trial the trial court, in admonishing the jury as to their responsibilities and in instructing them as to their behavior during the course of the trial, made the following statement:
"* * * You are not to discuss this case among yourselves or you are not to permit anyone to talk to you about the case other than what transpires here in open Court, until you have heard all the evidence that is to be introduced both by the State and by the defendants * * *."
The defendants moved for a mistrial on the grounds that in so admonishing the jury the court called attention to the fact that testimony was to be presented by the state and the defendants and therefore indirectly commented on the failure of the defendants to take the stand.
The court denied the motion and informed defendants that he would make a clarifying statement to the jury to the effect that under Florida law a defendant is not required to testify and that if the defendant does not do so the jury shall not indulge any presumption against the defendant by reason of such failure. The defendants objected to the court's proposed clarifying charge on the grounds that it would only further accentuate defendants' failure to take the stand. Immediately upon the reconvening of the jury the trial court gave a clarifying charge over defendants' objections.
On appeal the defendants argue that the trial court erred in denying defendants' motion for mistrial. Defendants contend that the trial court's admonishment to the jury constituted prejudicial comment on the defendants' failure to testify. They further assert that the clarifying charge only constituted additional prejudicial comment on the failure of defendants to testify. Defendants urge that the total effect of the court's admonishment and clarifying charge to the jury was so prejudicial that a miscarriage of justice resulted.
The admonishment by the trial court was not prejudicial to the defendants. Any possible prejudice resulting therefrom was cured by the judge's clarifying charge. The clarifying charge, although not requested by defendants, was not an improper comment on the possible failure of the defendants to testify. Fogler v. State, 1928, 96 Fla. 68, 117 So. 694. The trial judge exercised great care to ensure that the defendants received a fair trial.
We have examined the other points raised by the defendants and find them without merit.
Affirmed.
SMITH, C.J., and WALDEN, J., concur.