CHARLES CARROLL, Chief Judge.
The defendant below appeals from conviction under two informations. The grounds urged for reversal are that error was committed by the trial judge by commenting on the failure of the defendant to testify in his own behalf, and that the verdicts were incorrect and did not express the findings of the jury. We have considered those contentions in the light of the record and briefs and find them, to be without merit.
The record discloses that in charging the jury, after dealing with the matter of credibility of witnesses, the trial judge-said: “Now, the defendant has testified' in this case, which he has a right to do under the laws of this state, and you will measure * * At that point the defendant’s attorney, Mr. Engel, requested and was granted leave for counsel to approach the bench, and there, out of hearing of the jury, it was pointed out that the defendant had not testified. Thereupon the trial judge, resuming his charge to the jury, stated as follows:
“The Court: Gentlemen, this was the Court’s error in that the defendant did not take the stand, and with the permission of defense counsel, the Court is now instructing you that obviously the defendant did not take the stand and I am about to instruct you on that. You will disregard this particular instruction which should have been given where the defendant took the stand. Actually, there is no significance to it and the Court inadvertently instructed you improperly on that, so you will just disregard it.
“I will now give you the instruction that applies in this case where the de *50 fendant did not take the stand and this is the law that you must follow here.
“It has been observed by the jury that the defendant did not take the stand in his own defense. That is a fact of passing interest only. The failure of the defendant to testify' in his own behalf has no evidentiary significance, and no unfavorable inference should be drawn from such failure. It is strictly a defendant’s privilege to testify or not to testify as he chooses. This defendant entered this trial with a presumption of innocence in his favor and it was not his obligation to sustain this presumption. It was the prosecution’s duty to over-thro it in order to warrant a finding of guilt.
“This is the proper instruction and I apologize for getting into the other instruction inadvertently.
“Does this satisfy you?
“Mr. Engel: Yes, sir; it does.”
The appellant argues that the above quoted statements amounted to comment by the court on failure of the defendant to take the stand and testify in his own behalf, and constituted prejudicial error. We hold otherwise. See Fogler v. State, 96 Fla. 68, 117 So. 694.
In the present case the trial judge did not unnecessarily call attention to the fact that the defendant had not taken the stand and testified in his own behalf. The trial judge did state, incorrectly, that the defendant had testified. He then corrected that, to the announced satisfaction of the defendant’s attorney. The fact that the circumstances referred to may have called the attention of the jury to the fact that the defendant did not testify was not a prejudicial error because in connection therewith the trial judge charged the jury as to the right of the defendant to elect not to testify and that his failure to testify “Has no evidentiary significance, and no unfavorable inference should be drawn from such failure.” Moreover, it was not improper for the trial court to so charge, even in the absence of a request, and where such a charge is given it calls attention inevitably to the fact that the defendant did not testify. Thus in Fogler v. State, supra, the Supreme Court approved a charge, given without request, in the following form:
“Under the laws of this state, a defendant has the right to take the stand and testify in his own behalf, and such testimony goes before you the same as the testimony of any other witness in-the case to be weighed and considered according to the same rule, but the fact that he does testify cannot be considered by you to his prejudice.”
Regarding that charge the Supreme Court said:
“ * * * Those courts have held with striking unanimity that the prohibition of the statute does not apply, either in letter or spirit, to charges of the court which are otherwise proper. Such a charge is held to be in the interest of the defendant and properly given by the trial court of its own motion to allay all possibility that the jury might draw improper inferences from the failure of the defendant to testify. The spirit of the section is to relieve the defendant of any prejudice in the minds of the jury which might result from his failure to testify, and further to prohibit any adverse comment on that account by the prosecutor; but for a court to direct a jury in the course of the charge that they shall not consider the failure of the defendant to testify in making up their verdict is certainly not prejudicial to the defendant, but is in his interest. * * * »
Nor do we find basis for reversal in the form of the verdicts. While there was some ambiguity in the wording of the verdicts, the trial judge was careful to inquire and ascertain from the jury that *51 their verdict in #65-6817 was guilty of breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny, and that their verdict in #65-6816 was similar and in addition found the defendant guilty of petit larceny. The form and wording of the verdicts were compatible thereto, and the jurors were polled on the verdicts. See Barnhill v. State, Fla.1949, 41 So.2d 329, 331.
Affirmed.