ALLEN, Judge.
The appellant, defendant below, has appealed a final judgment of conviction and sentence from the Circuit Court of Pinellas County. Appellant was charged in an information with breaking and entering an automobile with intent to commit petit larceny. A motion for a bill of particulars was granted in part and denied in part. In a trial by jury, a verdict of guilty was returned against the defendant.
The defendant raises two questions on appeal. The first question relates to denying a motion for a bill of particulars. The second question is whether or not the court erred in giving an instruction to the jury. The appellant alleges in effect the instruction given called the attention of the jury to the fact that the defendant had not taken the stand to testify in his own behalf.
We do not think the appellant was prejudiced by the trial court’s denial of his motion for a bill of particulars. The bill of particulars sought a list of each item of property contained in the automobile, the subject of the petit larceny.
In the case of Garcia v. State, Fla.App.1962, 142 So.2d 318, this court held that the crime was complete by the breaking and entering with intent. It was not necessary for the State to prove that there was any property of value in the automobile.
This court said in the Garcia case:
“In the early case of Jones v. State, 18 Fla. 889, where the statute under which the indictment was found provided that ‘whoever breaks and enters a dwelling-house in the night time with such intent, (i. e., “with intent to commit the crime of murder, rape, robbery, larceny or other felony,”) or having entered with such intent, breaks such dwelling-house in the night time/ etc. The indictment charged that the defendant ‘feloniously and burglariously did break and enter with intent to commit felony, to-wit: to steal, take and carry away money, goods and chattels of the value of more that twenty dollars.’ The court, in its opinion, said:
“ ‘ * * * The charge of burglary with intent to commit a larceny will be supported by evidence of a larceny actually committed. * * ”
The opinion then stated that it was not necessary to describe the goods intended to be stolen, that a general intent to steal the goods would complete the offense; and that the crime was complete by the breaking and entering with an intent to steal goods.
This court concluded by saying:
“We hold that it was not necessary for the State to prove that there was any property of any value in the automobile. The crime was complete by the breaking and entering the automobile with intent to commit the larceny charged.”
With reference to the second question dealing with the jury instruction, we cite as authority the case of Harvey v. State, Fla.App.1966, 187 So.2d 59. In that case this court held that an admonishment by the trial court to the jury that they should not discuss the case with anyone until they had heard all of the evidence presented from the State and the defendants was not prejudicial to the defendants. That the comment on the failure of the defendants to take the stand was not prejudicial to the defendants where any possible prej *49 udice was cured by the trial court’s clarifying charge that the jury should not indulge in a presumption against the defendants by reason of their failure to take the stand. The clarifying charge did not .constitute an improper comment on possible failure of defendants to testify.
In our decision in the Harvey case, written by Judge Andrews, we referred to the case of Fogler v. State, 1928, 96 Fla. 68, 117 So. 694. In Fogler v. State, supra, the Supreme Court, in an opinion by Justice Strum, said:
“ * * * Those courts have held with striking unanimity that the prohibition of the statute does not apply, either in letter or spirit, to charges of the court which are otherwise proper. Such a charge is held to be in the interest of the defendant and properly given by the trial court of its own motion to allay all possibility that the jury might draw improper inferences from the failure of the defendant to testify. The spirit of the section is to relieve the defendant of any prejudice in the minds of the jury which might result from his failure to testify, and further to prohibit any adverse comment on that account by the prosecutor; but for a court to direct a jury in the course of the charge that they shall not consider the failure of the defendant to testify in making up their verdict is certainly not prejudicial to the defendant, but is in his interest. Without the charge a prejudicial inference might frequently be drawn. The charge merely supplements the 'presumption of innocence’ charge with particular reference to the failure of the accused to testify. While it may not be necessary in all cases to give the charge * * * it is not reversible error to do so. * * * ”
Finding no error, we affirm the lower court.
Affirmed.
LILES, C. J., and HOBSON, J., concur.