LILES, Chief Judge.
Appellant was charged by information in Pinellas County with throwing a deadly missile at an occupied vehicle. At arraignment defendant plead not guilty. He was tried by a jury and did not take the stand. A verdict of guilty was returned, and he was adjudged guilty and sentenced to a term of six months to two years in the state prison.
Appellant appeals and contends that the charge given by the trial judge in which he instructed the jury that the defendant was not required to take the stand was error. Appellant did not request this instruction and maintains that the trial judge’s action in giving the charge was contrary to the defendant’s right against self-incrimination guaranteed him by the Fifth and Fourteenth Amendments to the Constitution of the United States and the laws of Florida. He argues that this unrequested charge amounted to comment on his failure to take the stand.
Appellant did not object to the charge given by the trial judge and asks this court to find that the giving of the charge was fundamental error within Rule 3.7 (i), F.A.R, 32 F.S.A.
In the first instance, it is clearly established that it was not error for the trial judge to have given the charge even though it was not requested. Fogler v. State, 1928, 96 Fla. 68, 117 So. 694; Bridges v. State, Fla.App.1968, 207 So.2d 48, cert. denied, Fla.1968, 212 So,2d 877; and Harvey v. State, Fla.App. 1966, 187 So.2d 59, cert. denied, Fla.1967, 194 So.2d 619, cert, denied, 1967, 386 U.S. 923, 87 S.Ct. 894, 17 L.Ed.2d 795. However, even if it had been error, it was not properly preserved at the trail court. Therefore it would not have been grounds for reversal since it cannot be considered fundamental error.
For these reasons the judgment is affirmed.
HOBSON and MANN, JJ., concur.