PER CURIAM.
On this appeal by the defendant below from a conviction for conspiracy to commit robbery, the appellant has presented a number of points based on his assignments of error. On consideration thereof in the light of the record and briefs we find no reversible error has been made to appear.
*121 The case of King v. State, Fla.1958, 104 So.2d 730, relied on by the appellant, is not applicable on the facts of this case, for the reason that this conspiracy did not involve a government agent acting in line of duty. The remark by the attorney for a codefendant, in the course of closing argument, as to his client having testified and presented other witnesses, and as to the appellant not having done so, is not basis for reversal in the circumstances of this case. No comment thereon was made by the prosecuting attorney, who is enjoined by § 918.09 Fla.Stat., F.S.A., from making such comment. The disclosure was not beamed at any question of credibility or of guilt or innocence, but amounted to an explanation by codefendant’s counsel as to why his client would not have the opening and closing in the final arguments, and why the other defendant would have the opening and closing, under the law as provided for in § 918.09. The appellant-defendant did not avail himself of the right to have the court charge the jury that failure of a defendant to testify is not to be considered by the jury in making up the verdict. See Fogler v. State, 96 Fla. 68, 117 So. 694. Cf. DeLuna v. United States, 5 Cir.1962, 308 F.2d 140. To the extent that the testimony of deputy sheriff Flack regarding the enforced detention of the defendant in another city at the time of the commission of the robbery could be considered to imply the defendant was held for some other offense, the action of the trial court in overruling the objection of the defendant thereto was not error, because of the relevancy of such testimony. Williams v. State, Fla.1959, 110 So.2d 654. We observe no harmful error in the remarks of the court during the course of the trial which appellant argued were prejudicial. On the facts of the case with reference to the alleged conspiracy, the court did not commit error in admitting certain taped conversations revealing admissions, of the appellant, and the court did not err in denying appellant-defendant’s motion for severance based on the admission thereof.
Affirmed.