288 So.2d 511 (1974)
Willie D. SETTLE, Appellant,
v.
STATE of Florida, Appellee.
No. 73-308.
District Court of Appeal of Florida, Second District.
January 25, 1974.
Rehearing Denied February 12, 1974.
James A. Gardner, Public Defender, Bradenton, and Robert B. Persons, Jr., Asst. Public Defender, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
*512 MANN, Chief Judge.
Appellant's counsel argues ingeniously but fallaciously that the trial judge erred in failing to charge the jury on the penalty fixed by law for offenses included within the offense charged. Rule 3.390(a), 33 F.S.A., provides that:
"The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial."
Rule 3.510 provides:
"Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard."
The trial judge is not obligated by Rule 3.390(a) to inform the jury of the punishment for each of the offenses other than "the offense charged" in the information although the defendant may be convicted on one of those lesser offenses.
The defendant's cross examination of state witnesses should not have been so narrowly circumscribed by the trial judge when the effort was made to obtain a description of the area searched by the investigating officer. Coco v. State, Fla. 1953, 62 So.2d 892.
There is also an error in police procedure which is cured in an adequate, though not exemplary, manner. The victim of the robbery was unable to identify Settle in a line-up. Immediately thereafter police paraded Settle and possibly other participants past the witness on their way back to the cell block. Whether this was done in deliberate violation of sound principles governing identification procedures or out of ignorance we cannot determine. We need not determine it because at the trial the taint was recognized and overcome by evidence sufficient to show that the in-court identification was predicated upon the witness' observation at the scene of the crime and not influenced by any later impropriety on the part of the deputy sheriff. Wade v. U.S., 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. Additionally, Settle was taken by police officers after he broke and ran from the house of a family living near the store where the robbery occurred. He had gone there to use the telephone after he was unable to start his car, which was parked at the site of the robbery. Additionally, his fingerprints are found on items stolen and his guilt appears beyond dispute. Nevertheless, the possibility of bungling a prosecution in the conduct of line-ups is so real that we recommend to the deputy in charge that he read P. Wall, Eye Witness Identification, in Criminal Cases (1965), to understand the impropriety of his procedures.
Because we can, beyond any reasonable doubt, declare this record to demonstrate Settle's guilt, we affirm under the rule announced in Chapman v. California (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705; and Harrington v. California (1969), 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284.
Affirmed.
BOARDMAN and GRIMES, JJ., concur.