304 So.2d 466 (1974)
Ronnie MITCHELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-724.
District Court of Appeal of Florida, Third District.
December 17, 1974.
*467 Phillip A. Hubbart, Public Defender, Kathleen Gallagher, Asst. Public Defender, and Paul Morris, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., William L. Rogers, Asst. Atty. Gen., and Margarita Esquiroz, Legal Intern, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
From a conviction for the crime of robbery, the defendant appeals contending first that the state attorney violated his privilege against self-incrimination by indirectly commenting upon the defendant's failure to take the stand and testify in his own behalf.
The record reveals that in his opening remarks the defense attorney stated that the defendant would take the stand and testify that he had worked for the victim and that the defendant lives in the vicinity where the robbery occurred and the victim knew the defendant.
However, the defendant never did testify, and during his closing remarks to the jury, the prosecutor made the following comment which it is now urged constitutes reversible error:
"I have just one final point that I would like to state, and we brought you all the evidence that we said we were going to bring you and a little more.
"The defense attorney asked the officer on what he based his arrest on and so the officer answered him by saying there was another person who would not come to court.
"I am actually reluctant to argue that kind of testimony because really I think that you ought to base your decision on the testimony you hear from the witness stand.
"Please consider what you heard from the witness stand.
"That is what the State promised you and what you heard and compare that, ladies and gentlemen and compare it *468 against what the defense promised you and what you heard.
"Do you remember the opening statement of the defense?
"The defense said they would prove to you that the defendant was no where near the vicinity.
"The defense in it's [sic] opening statement promised you that you would hear testimony that the defendant worked for Mr. Fashik, knows him, knows his address and also knows his telephone number.
"MR. RIDARSICK: Your Honor I have a motion to make now.
"THE COURT: Not at this time and reserve it and I will reserve your right to make any motions that you want to later on.
"MR. McGUIRK: That was the evidence that the defense promised you. You never heard it.
"Ladies and gentlement by the uncontraverted evidence supplied to you in this case I suggest to you that the defendant is indeed guilty and that he has indeed been proven guilty beyond any doubt that is reasonable and I ask only that you base your verdict on the evidence... ."
Defendant cites a line of Florida cases bearing upon the question of a prosecutor's improper comment on the failure of the accused to testify in his own behalf in violation of RCrP 3.250 (formerly Fla. Stat. § 918.09, F.S.A.)[1]
The state has replied by citing several recent cases in which it was held that comment by the prosecutor during closing argument did not amount to remarks upon the defendant's failure to testify.[2]
We have studied carefully the cited cases in light of the record in this case. It is our conclusion that the statements made by the prosecutor were not an indirect comment upon the defendant's failure to testify.
The defendant was relying upon an alibi defense. In his opening remarks, defense counsel emphasized the alibi defense and as part of the defendant's case, two witnesses were called to testify with respect to the defendant's presence elsewhere at the time the robbery was committed.
In addition, counsel informed the jury during the defense's opening statement, "We will have testimony of my own client, himself, and he will testify that he does know Mr. Fashik, the alleged victim, and in fact he worked for Mr. Fashik a couple of years ago, part-time, and that he just lives a block and half or two blocks from that area and that he did work for him and that Mr. Fashik knows him, knows his address, and knows his phone number."
Then, on cross-examination, the defense counsel asked Fashik whether in fact he knew the defendant and whether he had ever employed him. Fashik replied that he had hired many youngsters and could not recall if he ever employed the defendant.
The record demonstrates that the trial judge recalled both defense counsel's opening remarks as well as the testimony by *469 Fashik on cross-examination. When the defendant moved for a mistrial following the prosecutor's remarks, the court stated:
"I will deny that motion because I think it was reasonable in the light of the opening statements made by counsel and the testimony that was attempted to be elicited from the victim.
"Also by the fact and supported by the fact that if the defense chooses I will give the standard charges leading to the fact that the defendant does not have to testify and any inferences can be drawn... ."
In our view, the remarks made by the prosecution were fair and general comment upon the evidence adduced during the trial. Also, we think the opening statement by defense counsel, together with the conduct of the defendant's case thereafter, invited the state attorney to reply during closing argument.
Finally, the trial court instructed the jury not to draw any unfavorable inference of guilt from the defendant's failure to testify. Compare, Bridges v. State, Fla.App. 1968, 207 So.2d 48. In our opinion, the defendant has not shown that the comment by the prosecutor either "directly or covertly" referred to the defendant's failure to testify.
Under his second point on appeal, the defendant submits almost exactly the same argument which was rejected in Settle v. State, Fla.App. 1974, 288 So.2d 511. (The only difference here is that the defendant seeks to read RCrP 3.390(a) in pari materia with Rule 3.490 rather than Rule 3.510.)
The defendant relies on language appearing in Stern v. State, Fla.App. 1974, 296 So.2d 549, for the proposition that under Rule 3.390(a) the trial court must instruct the jury with respect to the penalties fixed by law for all lesser included offenses and degrees of offenses which the judge also is obligated to give as jury instructions.
However, we hold that in accordance with the decision in Settle v. State, supra, as well as the manifest intent expressed by the language of the rule, the trial judge is required only to charge the jury with regard to "the penalty fixed by law for the offense for which the accused is then on trial" which is the offense charged in the information or indictment.
Therefore, for the reasons stated and upon the authority cited, the judgment and sentence appealed are affirmed.
Affirmed.
NOTES
[1] See, Way v. State, Fla. 1953, 67 So.2d 321; Trafficante v. State, Fla. 1957, 92 So.2d 811; Gordon v. State, Fla. 1958, 104 So.2d 524; McLendon v. State, Fla.App. 1958, 105 So.2d 513; Otto v. State, Fla.App. 1961, 126 So.2d 152; Childers v. State, Fla.App. 1973, 277 So.2d 594.
[2] See, Adjmi v. State, Fla.App. 1962, 139 So.2d 179, rev'd on other grounds, 154 So.2d 812 (Fla. 1963); State v. Jones, Fla. 1967, 204 So.2d 515; Woodside v. State, Fla.App. 1968, 206 So.2d 426 (See also, companion case, Parks v. State, Fla.App. 1968, 206 So.2d 431); Newton v. State, Fla.App. 1973, 272 So.2d 15; State v. Mathis, Fla. 1973, 278 So.2d 280.