DOWNEY, Judge.
Appellant, William Renaud III, was found guilty by a jury of robbery with a weapon and sentenced as an habitual offender to life imprisonment.
Appellant contends, in part, that the trial court erred a) in refusing to instruct the jury on penalties which may be imposed for lesser included offenses and b) in sentencing appellant as an habitual offender.
We reject appellant’s first contention because there is no requirement that the jury be instructed on the maximum penalties for appropriate lesser included offenses under the crime charged. If either the State or defendant requests it, Florida Rule of Criminal Procedure 3.390(a) requires the court to charge the jury on the maximum and minimum sentences which may be imposed “for the offense for which the accused is then on trial.’’ That has been interpreted to mean the offense for which the defendant is charged in the indictment or information. James v. State, 393 So.2d 1138 (Fla. 3rd DCA 1981); see also Settle v. State, 288 So.2d 511 (Fla. 2d DCA 1974); Mitchell v. State, 304 So.2d 466 (Fla. 3rd DCA 1974); Lewis v. State, 399 So.2d 473 (Fla. 4th DCA 1981). We see no reason to deviate from the holding in those cases.
Section 775.084(3)(d), Florida Statutes (1979), authorizes the trial court to impose an extended term of imprisonment upon a person found to be an habitual offender under statutory guidelines, when the court finds such a sentence is necessary for the protection of the public from the defendant’s further criminal activity. The record reflects the trial judge followed the statutory requirements in meting out the extended term of imprisonment. The trial judge found that appellant had been convicted of over twenty felonies, served three separate terms in prison, and committed the robbery in question “only some three months after his release from prison in Connecticut.” Finally, the trial judge noted “Although, prior to his latest criminal episode, there does not appear to be any crime of violence, the Court finds that it is necessary to protect the public from this habitual criminal activity, ...” Thus, this would appear to present a classic case for implementation of the habitual offender statute.
We have considered all of appellant’s other contentions and find no error demonstrated.
AFFIRMED.
ANSTEAD and DELL, JJ., concur.