PER CURIAM.
The appellants were informed against, tried and convicted of operating a gambling house and of bookmaking. Appellants seek reversal as to the former of those offenses. A directed verdict was entered in their favor on two counts of the information which charged them with violations of § 822.10 Fla.Stat., F.S.A., dealing with injuring or tapping telegraph or telephone lines.
One contention is that it was an abuse of discretion to deny a motion for mistrial made by the defendants after the granting of their motion to strike the testimony of the Division Security Manager of the Southern Bell Telephone Company. His testimony related to the telephone wiring and equipment alleged to have been used. Defendants’ motion to strike was on the ground it was hearsay, based on investigations and reports made by others which had been communicated to the witness. Upon granting the defendants’ motion to strike, the trial judge explained the basis for his ruling and adequately instructed the jury not to consider any part of the stricken testimony in their deliberations and determination of the case. The matter of the granting or denial of the motion for mistrial was largely in the discretion of the trial judge, and it has not been shown that his discretion was exceeded or abused in this instance. Morris v. State, 100 Fla. 850, 130 So. 582; Perry v. State, 146 Fla. 187, 200 So. 525; Garcia v. State, Fla.App.1962, 142 So.2d 318.
Appellants’ second contention is that the court committed error by denying their motions to suppress the evidence obtained on the two search warrants on the ground that one of the warrants through the exercise of *485 which evidence was obtained was for search of a private dwelling, and was issued without a proper predicate. Appellants argue the supporting affidavit was insufficient in that it failed to “set forth the facts on which such reason or belief is based,” the reason or belief stated in the affidavit being that gambling was being conducted in the dwelling described. See Parnell v. State, Fla.App.1967, 204 So.2d 910, 911-912, and cases cited there. We hold, however, on examining the affidavit, that it amply met the requirements of the statute (§ 933.18 Fla.Stat., F.S.A.) to set forth facts on which such reason or belief was based.
The remaining contentions of the appellants, challenging the sufficiency of the evidence to sustain the conviction and the admission of certain evidence over objection, have been considered in the light of the record and briefs and are found to be without merit.
No reversible error having been made to appear, the judgment is affirmed.
Affirmed.