PER CURIAM.
The defendant, Eugene Farris Wells, pled not guilty to a charge of second degree murder. A jury trial was held and defendant moved for a judgment of acquittal at the end of the state’s case. The trial judge denied the motion but reduced the charge to manslaughter. The jury found defendant guilty of manslaughter and he appeals from his adjudication.
He argues that certain questions asked by the prosecution were so inflammatory and suggestive as to require reversal. He cites Prokos v. State, Fla.App. 1968, 209 So.2d 484; and Burkhead v. State, Fla.App.1968, 206 So.2d 690. We do not find that those cases require, or support, a reversal for several reasons. It appears the prosecution asked certain questions of a witness and the defense attorney objected. Before the court could rule on the objection the witness answered the questions. The court then sustained the objection to these questions but would not give an instruction to the jury to disregard the questions or answer. The answer given by the witness was not inflammatory or suggestive but was favorable to the position taken by the defense and did not constitute reversible error.
Finally, defendant contends the state committed reversible error during the trial by displaying certain firearms to the jury which were not connected with defendant and that such display tended to prejudice the jury.
Defendant’s defense in this case was that the shooting was an accident but he admitted the actual shooting of the victim. Assuming arguendo that it was error to display certain firearms to the jury, we hold this was harmless error. See § 924.33, Fla.Stat., F.S.A.
The final judgment herein appealed is
Affirmed.