PER CURIAM.
The appellant, Odes Neal Hamilton, was indicted, tried upon his plea of not guilty and convicted of premeditated murder of one Robert Birden. The jury recommended mercy and the court sentenced the defendant to a life term in the State Penitentiary.
The appellant has presented these points, which we have summarized, for reversal, that the court erred in (1) permitting a witness to identify defendant at trial where the identification was coerced and based upon showing of “mug shots” rather than a lineup at a time when defendant was in custody and had counsel; (2) commenting on the evidence; (3) failing to instruct on all lesser included offenses and degrees of homicide ; (4) unduly restricting cross-examination ; (5) denying him a fair trial, and (6) failing to grant motions for judgment of acquittal and for new trial based upon insufficient evidence.
We note that'defendant’s arguments concerning statements made by the trial judge after the selection of the jury and during defense counsel’s opening statement warrant discussion. Defense counsel in his opening statement argued to a jury that a Raymond Augusta Black, who had been named as a co-defendant of Hamilton in the indictment for first degree murder
“ . . . entered a plea of guilty . . . to the charge of manslaughter [; Black] promised the State that he would testify for them in this case in return for the State’s promise that they would recommend to the Court that he, Black, would be sentenced to five years ... or four years or three years or two years or even just time served.” (Bracketed material added.)
At this point the prosecutor said: “Your Honor, I hate to interrupt counsel in his opening statement. However, that is a misstatement. The recommendation is five years, Your Honor, not three or four or one or two.”
Defense counsel resumed by requesting that record be brought in of the proceedings of the plea to show what was promised to that key State’s witness. The court said: “That is not necessary. Black pleaded to manslaughter and agreed that he would turn State’s evidence. The State recommended to the Court five years or less. The Court does not have to accept that.” Defense counsel objected to the court testifying in the case, and the court responded:
“ . . .1 am telling you what he [the prosecutor] said as far as I am concerned. That is not evidence in the case.” (Bracketed words added.)
Defense counsel continued briefly with his opening statement, and the prosecutor objected. During the interchange concerning that objection, the court stated the grounds for sustaining the state’s objection :
“What you [defense counsel] are stating to the jury is what the testimony of defendant Black would have been. I do not think it is proper to do that.
“You can have him [Black] on the stand and cross-examine him on the stand at your leisure — at great leisure.” (Bracketed words added.)
Defense counsel again continued to give his opening statement and the court sustained an objection by the state that defense counsel was giving a summation, the court concluding:
“I would appreciate it if you limit your statements to an opening statement from your witnesses and what the evidence will show.”
*186 At that point defense counsel objected and moved for a mistrial on the grounds that: (1) the court had misled the jury into believing that the defendant had some burden of producing evidence or witnesses, and (2) this statement by the court constituted a comment on the defendant’s testifying or not. The court heard argument on the motion for mistrial at the bench out of the hearing of the jury, and on denying the motion, then instructed the jury (in pertinent part) as follows:
« ‡ >|c %
“I made no statements nor do I intend for you to infer from things that I have said that there is any burden on the defendant. The burden is on the State to prove its case beyond and to the exclusion of every reasonable doubt. We said that in questioning you originally. I repeat, that it is the intent of this court. You must know that the burden is on the State at all times and not on the defendant.
“The witnesses I referred to in my remarks are the witnesses of the State.
* * :Jc »
In Florida, the judge may not comment upon the evidence. Garner v. State, 28 Fla. 113, 9 So. 835, 843, 29 Am. St.Rep. 232 (1891). In that case, as in the case sub judice, the remark objected to was in reference to a ruling on an objection, and the Supreme Court ruled that no error was committed in that regard. Similarly, we express the view that the appellant has failed to demonstrate that reversible error was committed in the case under review.
In Bridges v. State, Fla.App. 1968, 207 So.2d 48, the convictions were affirmed over challenges by the defendant that the court improperly commented on the failure of the defendant to testify. In that case a corrected jury instruction was immediately given by the court. An analogous situation is presented by this case, where the comment by the judge could reasonably be susceptible to the interpretation that the defendant would be required to present evidence. However, a curative instruction properly explaining the law was given by the court shortly after the comment, assertedly prejudicial, was made. See also: Erler v. State, Fla.App.1970, 241 So.2d 202. Again, under analogous circumstances, and after a careful review of the applicable authorities, a judge’s erroneous instruction which was in part a comment on the evidence, but which was corrected by a proper instruction, was held-to be harmless error. Joseph v. State, Fla.App.1971, 252 So.2d 262, 265.
The several grounds relied upon by the appellant for reversal have been considered by us in the light of the record, briefs and arguments of counsel, and we have found no reversible error. The record shows that the case was fairly and fully tried; that the verdict is supported by the evidence, and that the rulings of the trial judge challenged by appellant did not, on the record and under the law, constitute harmful error.
Therefore the judgment and sentence are affirmed.
Affirmed.