292 So.2d 618 (1974)
Thad TATE, Jr., et al., Appellants,
v.
Nelson GRAY et al., Appellees.
No. 73-398.
District Court of Appeal of Florida, Second District.
April 10, 1974.
*619 Cohen & Cohen, P.A., and Taylor, Brion, Buker, Hames & Greene, Miami Beach, for appellants.
Susan L.W. Roberts, and Langston, Massey, Trohn, Clarke & Bertrand, Lakeland, for appellees.
HOBSON, Judge.
Appellants appeal adverse judgments based upon jury verdicts in favor of the defendants in the court below in negligence actions arising out of an automobile accident. The cases were submitted to the jury on the issues of gross negligence on the part of the operator of the vehicle involved in the accident, and contributory negligence as to all appellants.
Appellants contend that the lower court erred in refusing to grant their motions for mistrial. Prior to trial appellants filed a Motion in Limine as to all conversation concerning various witnesses who stopped by the police station, and the court ruled that this testimony was inadmissible. During the trial, appellees' counsel asked one of the occupants of the automobile if it was being chased by the police. Also during the trial, two other witnesses, without having been asked, mentioned that they were going by the police station. After each remark the trial judge denied appellants' motion for mistrial, and properly and adequately instructed the jury to disregard the questions and answers.
The granting or denying of a motion for mistrial is largely in the discretion of the trial judge. Garcia v. State, Fla.App.2d 1962, 142 So.2d 318; Ellingson v. Willis, Fla.App.1st 1964, 170 So.2d 311; Prokos v. State, Fla.App.3d 1968, 209 So.2d 484. Appellants have failed to show an abuse of this discretion by the trial judge.
Appellants also asked for a mistrial when appellees' counsel in his closing argument to the jury termed certain acts of the occupants of the automobile as criminal acts. Counsel is entitled to a wide field of discretion in arguing his case. Unless closing argument is highly prejudicial and inflammatory, improper statements will not result in mistrial, reversal or a new trial. Dixie-Bell Oil Company, Inc. v. Gold, Fla.App.3d 1973, 275 So.2d 19. The record also reveals that the trial judge instructed the jury that their verdicts must be based on the evidence that had been received.
Appellants contend that they were prejudiced by the trial judge's remark that it is improper to do the things that the occupants of the automobile did. Appellants asked the trial judge to retract this statement, and he accommodated by instructing the jury, inter alia, that determining whether conduct was proper or improper was a matter solely for the jury and was not a matter for the court to determine. We think that this instruction was sufficient to cure any prejudice. Hamilton v. State, Fla.App.3d 1972, 261 So.2d 184.
Appellants next contend that the trial court denied them the opportunity to take a voluntary dismissal as provided for by RCP 1.420(a)(1), 30 F.S.A. Appellants' counsel stated: "We ask for a mistrial or nonsuit." When the court denied the motion, counsel did not state on the record or give notice that he was dismissing the action. Under the provisions of this rule, a plaintiff may take a voluntary dismissal during trial without order of the court. Therefore, it was not necessary to ask for a dismissal or nonsuit, but to clearly indicate to the court that counsel was taking *620 a dismissal. The record does not indicate that counsel communicated his intention to the court.
Appellants submit that since this action was tried prior to the rendition of the Supreme Court's opinion in Hoffman v. Jones, Fla. 1973, 280 So.2d 431, it should be reversed and remanded for a new trial wherein the comparative negligence rule announced in Hoffman would be applied. This appeal was pending in this court when the opinion in Hoffman was rendered. The applicability of the comparative negligence rule was not raised during any stage of the litigation, nor has it been properly or appropriately made a question of appellate review. The Hoffman decision is therefore not applicable to this case. Hoffman, supra; Butler v. Woolco Department Store, Fla.App.3d 1973, 284 So.2d 434; Thornton v. Elliott, Fla. 1973, 288 So.2d 254.
The judgments appealed are therefore
Affirmed.
GRIMES, J., concurs.
MANN, C.J., concurs specially.
MANN, Chief Judge (specially concurring).
Although it would have been preferable if the trial judge had made it clear that he was ruling on the motion for mistrial rather than purporting to deny the plaintiffs' right to take a voluntary dismissal pursuant to Fla.R.Civ.P. 1.420, the record shows that the plaintiff was well aware of his right to do so. At an earlier point he was reminded of that right by both lawyers for the defense, and immediately prior to the questioned ruling, he asked for time to consider whether he should take a "nonsuit." Obviously the plaintiffs cannot have their cake and eat it too. Their opportunity to take a voluntary dismissal was not thwarted in any way by the trial judge and affirmance is proper.