PER CURIAM.
After the trial court announced its intention to rule upon and grant the defendant’s motion for directed verdict at the conclusion of the plaintiff’s case, plaintiff’s counsel announced the taking of a voluntary dismissal under Fla.R.Civ.P. 1.420(a)(1).[1] Contrary to the trial judge’s view, it is clear that the dismissal was timely asserted at that stage of the proceedings. Gonzalez v. Mulreany, 875 So.2d 621 (Fla. 3d DCA 1979); see Fears v. Lunsford, 314 So.2d 578 (Fla.1975); Freeman v. Mintz, — So. 2d - (Fla. 3d DCA Case nos. 85-1725, 85-2583 & 86-417, opinion filed, February 9, 1988) [13 FLW 412]. Consequently, the judgment subsequently entered for the defendant is reversed.

. We reject the defendant's contention that the announcement was not sufficiently explicit. In context, the record clearly demonstrates the plaintiff’s intention to invoke the voluntary dismissal rule and the trial judge's understanding that this had indeed been accomplished. Corn-pare Tate v. Gray, 292 So.2d 618 (Fla. 2d DCA 1974).