SALMON, MICHAEL H., Associate Judge.
Butler, an attorney, was employed by Target to represent ⅝ in a federal court action. Butler’s fee agreement was based upon an hourly rate, with a provision that if statements for fees and costs were not paid within thirty days of the billing date, Target agreed to pay interest at the rate of one and one-half percent (1½%) per month on the unpaid amount.
A dispute arose regarding the amount of the fee. Itemization of the hours expended was requested. New statements were sent, some of which disclosed more hours than were contained in a prior statement, essentially because Butler claimed these hours had been overlooked in the billing *1277 process. Finally, a statement for $18,-663.78 was sent to Target, made up of: (a) professional services rendered; (b) costs; and (c) interest. This bill was not paid, and this action was filed. The defendant raised several defenses, two of which are involved in this appeal:
First, Target claimed it was charged for services not rendered; and second, that these overcharges, which Target labeled “phantom services,” constituted usurious interest prohibited by Chapter 687, Florida Statutes (1987).
By the time of trial, the amount demanded was reduced to $16,715.32. The jury awarded the sum of $7,979.19. Butler sought an attorney’s fee for enforcing his claim, which was denied by the trial court.
In addition to the questions presented to the jury that resulted in a finding that there was a breach of contract causing damage to the plaintiff, the jury was asked: “Was the fee agreement between plaintiff and defendants a usurious contract?” The jury answered, “Yes.” The jury, however, was not instructed as to the elements of usury.[1]
Before the trial, Butler requested (by motion to strike and motion in limine) that the usury defense be stricken. The trial judge denied both motions. We have concluded that he erred.
The elements of a usurious transaction are:
(1) There must be a loan express or implied; (2) An understanding between the parties that the money lent shall be returned; (3) That for such a loan a greater rate of interest than is allowed by law shall be paid or agreed to be paid, as the case may be; and (4) There must exist a corrupt intent to take more than the legal rate for the use of the money loaned.
Dixon v. Sharp, 276 So.2d 817, 819 (Fla.1973) (emphasis in original). We need not go beyond the first element; the fee agreement was neither an express nor an implied loan.
We also conclude that presentation of the usury issue to the jury so infected the trial that a new trial must be granted. The term usury has a powerful effect on the person who hears it. It is defined in terms of “illegal,” “unconscionable,” and “corrupt.” Indeed, Butler’s counsel referred to usury in his closing argument as “unlawful.” Appellee relies on Tate v. Gray, 292 So.2d 618 (Fla. 2d DCA 1974), to support its contention that even if the injection of the usury issue was error, it was harmless. That case is inapplicable, because in this case the question of usury was put squarely to the jury.
Because of our ruling regarding the usury defense, we also conclude that attorney’s fees should have been awarded. Nonetheless, because we are remanding for a new trial, that question is moot.
REVERSED AND REMANDED WITH INSTRUCTIONS TO GRANT A NEW TRIAL.
GLICKSTEIN, C.J., and GUNTHER, J„ concur.

. The full instruction was: "The defendants also claim by way of defense that the plaintiffs fee agreement was usurious. If you find that the defendants have proved by the greater weight of the evidence that plaintiff sought to enforce the collection of the sum of money greater than the equivalent for a sum of 18 percent, incorrectly or by any contract, then you must find for the defendants on this defense.
If you find that the fee agreement was not usurious, then you should find for the plaintiff on that particular issue.”