672 So.2d 644 (1996)
Charles M. FISCHMAN, M.D., Appellant,
v.
John S. SUEN, M.D., Appellee.
No. 95-0776.
District Court of Appeal of Florida, Fourth District.
May 1, 1996.
George H. Moss of Moss, Henderson, Van Gaasbeck, Blanton & Koval, P.A., Vero Beach, for appellant.
*645 Bruce Barkett of Collins, Brown, Caldwell, Barkett, Rossway, Garavaglia & Moore, Chartered, Vero Beach, for appellee.
GROSS, Judge.
Needing assistance in his medical practice, Dr. Charles Fischman hired Dr. John Suen as an associate. They entered into a written employment contract which contained two restrictive covenants. The first provided that if the employment terminated for any reason, Suen would not interfere with the practice's relationships with patients, referring doctors or health organizations. The second precluded Suen from practicing in Indian River County for one year after his employment with Fischman ended. The contract allowed Suen to buy out the restrictive covenants by paying $250,000.
The relationship crumbled and Suen sued Fischman for unpaid wages and rescission of the contract. Fischman's counterclaim sought $250,000 in liquidated damages for violation of the restrictive covenants. In his complaint and during the pretrial phases of the lawsuit, Suen maintained that his termination of the relationship was justified because Fischman wanted him to engage in medicare fraud. No fact developed during discovery supported the charge of illegal conduct. Before trial, Fischman moved in limine to preclude Suen from mentioning anything about medicare fraud. The trial court granted the motion.
At the jury trial, explaining why he left the practice, Suen listed several reasons and ended with the statement that he was "very uncomfortable because [Fischman] told me basically to commit medicare fraud." Fischman timely objected. The trial court instructed the jury to disregard everything about medicare fraud and denied Fischman's motion for mistrial, acknowledging that the issue was close. Although testimony conflicted, the trial court believed Suen's expert and ruled that the $250,000 liquidated damage claim was unenforceable as a penalty, so that the jury was to determine actual damages if they found Suen in breach of the employment contract. The jury returned a verdict in favor of Suen.[1]
Fischman's main point on appeal concerns Suen's violation of the pretrial order. A motion in limine is especially appropriate when
addressed to evidence which will be highly prejudicial to the moving party and which, if referred to in a question which the court rules inadmissible, would be unlikely to be disregarded by the jury despite an instruction by the court to do so.
Ehrhardt, Florida Evidence § 104.5 (1995 Ed.). The unsubstantiated allegation of medicare fraud is precisely the type of inflammatory matter which should be extinguished by an order in limine. Fischman's counsel alertly secured a ruling which should have insured a fair trial. Obtaining a pretrial order conserves the jury's time and serves as a firm warning to a party not to take the first step toward mistrial or reversal. A practical advantage of a motion in limine is not having to object in the jury's presence to evidence which is logically relevant but legally inadmissible.[2] Being human, jurors typically want to hear all the evidence pertaining to a case. By using a motion in limine, a prudent lawyer can avoid giving the jury the impression that he is concealing something crucial.
Courts have reversed for violations of orders in limine involving subsequent remedial measures and disclosure of a traffic homicide investigator's conclusions. Walt Disney World Co. v. Blalock, 640 So.2d 1156, 1158-59 (Fla. 5th DCA 1994); Ratley v. Batchelor, 599 So.2d 1298, 1301-02 (Fla. 1st DCA 1991). These types of in limine violations are less flagrant than Suen's, which involves an accusation of criminal conduct difficult for a jury to ignore. While a curative instruction might *646 alleviate a more benign evidentiary gaffe,[3] the instruction in this case may have amplified the prejudice to Fischman.[4] This was a close case. The credibility of the two doctors was central to the contract issues presented to the jury. Suen's violation of the pretrial order was egregious enough to entitle Fischman to a new trial.
On the remaining issue, we find no error in the trial judge's conclusion that the liquidated damage clause was unenforceable as a penalty. We reverse and remand for a new trial on Fischman's contract claim and on actual damages suffered by Fischman if Suen is found to be in breach.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] Suen's action for unpaid wages was settled after the trial.
[2] We note that under Maharaj v. State, 597 So.2d 786, 790 (Fla.1992), where a motion in limine to exclude evidence has been denied, an objection must be made at trial when the evidence is introduced to preserve the issue for appellate review.
[3] Cf. Tate v. Gray, 292 So.2d 618, 619 (Fla. 2d DCA 1974).
[4] The futility of a curative instruction in this instance was best expressed by the trial judge who explained, "[Y]ou can throw a skunk into the jury box and instruct the jurors not to smell it, but it doesn't do any good." Walt Disney World Co., 640 So.2d at 1159, n. 1, quoting O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1309 (5th Cir.1977).