732 So.2d 1118 (1999)
Luis LEYVA and Eva Leyva, his wife, Appellants,
v.
Ronald SAMESS, Claudette Samess, and Daniel Samess, individuals, Appellees.
No. 97-3467.
District Court of Appeal of Florida, Fourth District.
February 24, 1999.
Richard P. Pravato of Law Offices of Valya Wolf, P.A., and Nancy Little Hoffmann *1119 of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellant.
Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., and Robin S. Richards of Law Offices of Hill and Richards, Fort Lauderdale, for appellee.
WARNER, J.
After a verdict in favor of the appellant/plaintiff Luis Leyva, the trial court granted a new trial on damages because the court found that Leyva's attorney had violated an order in limine by referring to appellees/defendants Ronald and Claudette Samess as "Dr. and Mrs. Samess." The court determined that it was likely the jury was prejudiced by being reminded that one of the appellees was a physician. We hold that the court abused its discretion in granting the new trial, in part because it used an incorrect standard to review the comments made and also because the court's findings were based on matters not appearing in the record.
Leyva was injured in an automobile accident when appellee Daniel Samess abruptly changed lanes, thereby causing Leyva's vehicle to veer off the road and crash into some trees. Ronald and Claudette Samess, Daniel's parents, owned the car involved in the accident and were thereby included in the suit. Ronald was a family practitioner in Broward County. Prior to the commencement of trial, the Samesses' attorney moved in limine to preclude Leyva's attorney from mentioning that Ronald was a doctor, due to the effect it might have on jurors who were biased against doctors or who would think doctors had a lot of money. Leyva's counsel objected to the exclusion of Ronald's status as a physician, arguing that he would need to know if Ronald had treated any of the jurors.[1] In response, the trial court ruled that Leyva's attorney could reference that Ronald was a doctor during voir dire but not during trial.
During voir dire, pursuant to the pretrial order, Leyva's counsel inquired whether any of the jurors knew Ronald in his capacity as a doctor: "Ladies and gentlemen, one of the defendants in this case is Dr. Ronald Samess. Has anyone ever heard of Dr. Samess?" No jurors indicated that they knew Ronald. Thereafter, defense counsel engaged in the following voir dire:
You just heard that Ronald Samess is a family practitioner. He is not being sued as a doctor, though. He is being sued as the owner of the car that his son was driving on the date that this happened.
Is the fact that he is a doctor going to affect anybody in their deliberations in this one way or the other, since it really has nothing to do with this?
Likewise, he has his practice. He is not going to be able to be in the courtroom with us a whole lot, maybe a little bit. Daniel is in the midst of his high school final exams and he is going to be in and out as well. Can everybody not hold that against the defense, their inability to have all the family members here all the time? You have no problem with that?
The final reference to Ronald's status as a physician, which is the subject of this appeal, occurred during plaintiffs closing argument, in violation of the pretrial order granting the motion in limine to exclude doctor references except for during voir dire. In connection with plaintiffs' counsel's discussion of Leyva's comparative negligence, the following argument and colloquy occurred:
MS. HABER [plaintiffs' counsel]: Now, I would like to explain to you, Dr. and Mrs. Samess are a party to this lawsuit. The reason being is, under *1120 Florida law, owners of a vehicle are responsible for any negligence on the part of their driver if the driver is driving their car with their knowledge and consent.
Now, the Defendants have admitted that Dr. and Mrs. Samess own the vehicle
MS. RICHARDS [defense counsel]: Note my objection to the violation of the motion in limine.
THE COURT: Sustained.
MS. HABER: -owned the vehicle and Danny said his parents let him drive it. So there is no issue there.
Based on the foregoing "doctor" references, defendants moved for a mistrial, claiming that the references to Dr. Samess were in violation of the pretrial order in limine and "highly prejudicial." They claimed that Leyva's counsel had also told the jury during voir dire that "there was no insurance." The defendant argued that the effect of the "no insurance" comment, together with the "doctor" references, could lead the jury to believe that Ronald was some "rich doctor," who could pay a large sum of money. The court reserved ruling on the motion. The jury returned a verdict of $119,400, which was about half of what the plaintiffs requested in closing argument and over twice the amount that the defendants had suggested would be an appropriate verdict. The award was then reduced by the 20% liability which the jury assessed to Leyva. The jury also awarded nothing on Eva Leyva's claim for loss of consortium.
Both the plaintiffs and the defendants filed cross motions for new trial. The Samesses again raised the fact that Leyva's attorney had violated the order in limine by the doctor references. They also contended that Leyva's attorney violated several other orders in limine. The plaintiff moved for a new trial only as to Eva Leyva's claim for loss of consortium. At the hearing, the plaintiff argued that Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580 (Fla. 2d DCA 1996), established the standard for granting a motion for new trial based on improper closing argument, noting that the trial court must find it "highly prejudicial." The trial court disagreed, apparently believing that our court did not follow Hagan where the improper comments constituted a violation of an order in limine. It took the matter under advisement and later issued the order being appealed in this case. In that order granting a new trial, the court determined that one party's "egregious" violation of an order in limine entitled the other party to a new trial, citing Fischman v. Suen, 672 So.2d 644, 646 (Fla. 4th DCA 1996). Finding that Leyva's attorney had violated the order by referring to Ronald Samess as a doctor, the court found:
Once the jury had heard the reiterated information that RONALD SAMESS was a physician, in conjunction with its previous knowledge that Plaintiffs had no insurance, this Court became convinced that the verdict rendered by the jury may very well have been impermissibly influenced by considerations outside of the record. Hence, the Court concludes that a new trial is warranted on the matter of damages.
The court also granted a new trial on damages to Eva Leyva, which has not been appealed.
We first address a matter of briefing in this case. The appellants urge in their brief that the trial court abused its discretion in granting appellees a new trial on damages based solely on the violations of the order in limine that prohibited references to Ronald's "doctor" status. The appellees respond that the trial court correctly granted the new trial "based on repeated intentional violations of Orders in Limine." Specifically, their brief states that "[t]he judge's Order also expressly found misconduct for violation of the other Orders in Limine throughout trial and found that these violations were intentional trial strategy." This argument is a gross misrepresentation of the order, which specifically *1121 states that "[b]ecause of the strength of this violation, this court will not consider other alleged violations of its Order granting the other Motions in Limine." (emphasis supplied).[2] Attorneys should be aware that in this court's preparation for determining cases on the merits, the record on appeal is thoroughly reviewed. We cannot help but notice attorneys' distortions of the record in their briefs. Such misrepresentations diminish the force and effect of the argument made.
The decision on a motion for new trial is within the broad discretion of the trial judge, and an order granting such a motion should not be disturbed on appeal absent a showing of a clear abuse of that discretion. See Baptist Mem'l Hosp., Inc. v. Bell, 384 So.2d 145, 146 (Fla. 1980); Castlewood Int'l Corp. v. LaFleur, 322 So.2d 520, 522 (Fla. 1975); Cloud v. Fallis, 110 So.2d 669, 672-73 (Fla. 1959). The supreme court noted the following with regard to appellate review of such orders:
[i]n reviewing this type of discretionary act of the trial court, the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Baptist Mem'l Hosp., Inc., 384 So.2d at 146. However, where the error is grounded on a question of law, the discretion in granting a new trial is drastically reduced. See Goutis v. Express Transp., Inc., 699 So.2d 757, 759-60 (Fla. 4th DCA 1997), rev. dismissed, 705 So.2d 901 (Fla. 1998). We review the court's order under this latter standard.
The trial court erred as a matter of law in determining that Fischman, 672 So.2d at 646, stood for the proposition that "where an order granting a pretrial motion in limine has been established, a subsequent egregious violation of that order by one party entitles the other party to a new trial." Not every violation of a pretrial order in limine should automatically result in a new trial. In Fischman, the defense violated an order in limine, which prohibited witnesses from making any mention of medicare fraud. Our court explained that "[t]he unsubstantiated allegation of medicare fraud is precisely the type of inflammatory matter which should be extinguished by an order in limine." See id. at 645. (emphasis supplied). Because a defense witness's testimony that the plaintiff told him to "basically to commit medicare fraud" constituted an accusation of criminal conduct in a trial where the credibility of the two parties was central to the issues, our court felt that the violation of the pretrial order was egregious enough to warrant a new trial. Our characterization of the violation as "egregious" was a comment on the nature of the testimony as it related to the facts of the case, and not an observation concerning whether the violation of the order was intentional.
We adhere to the principle that in order to grant a new trial for improper comments in closing argument, the trial court must find that the argument was "highly prejudicial and inflammatory." Grushoff v. Denny's, Inc., 693 So.2d 1068, 1069 (Fla. 4th DCA) (citing Hagan, 666 So.2d at 585), rev. dismissed, 698 So.2d 839 (Fla. 1997). The violation of a pretrial order, in and of itself, does not necessarily warrant the granting of a new trial where that violation has caused no prejudice to the opposing case. Cf. Fischman, 672 So.2d at 645-46. Here, although the comments were in violation of the court's admonition not to mention the fact that Ronald Samess was a doctor, we cannot ascribe to the brief references as highly prejudicial or inflammatory that would require a new trial. We conclude *1122 that under the Canakaris standard, the trial court abused its discretion for the following reasons.
First, the trial court permitted the attorneys to question the jurors about Ronald Samess being a doctor during voir dire. True to the plaintiffs request, as is reflected in the excerpt above, plaintiffs counsel asked a very simple question as to whether anyone knew Dr. Samess. Thereafter, it was the defendant who asked the jury far more extensive questions concerning Ronald Samess's status as a doctor. The jury was specifically asked whether the fact that Ronald was a doctor would affect any juror in the deliberations. The record does not reveal that any juror indicated that it would. Thus, when Leyva's attorney referred to Ronald as Dr. Samess in closing, the jury heard something that it already knew. To suggest that at that point the jurors would be so overcome by this information that it would prejudicially affect their deliberations would be to accuse the jurors of dissembling during the voir dire process when they silently represented that this information would make no difference in their calculations.
Secondly, the court grounded its order on the premise that "[o]nce the jury heard the reiterated information that Ronald Samess was a physician, in conjunction with its previous knowledge that Plaintiffs had no insurance, this court became convinced that the verdict rendered by the jury may very well have been impermissibly influenced by considerations outside of the record." The record, however, shows that the jury was never informed that Leyva had no insurance. To the contrary, defense counsel asked Leyva on cross-examination to admit that he had $10,000 in PIP benefits through Fortune Insurance Company at the time of the accident, which he conceded. Defense counsel further referred to the PIP benefits in closing argument. Thus, the jury was informed that Leyva had insurance. The only other reference to insurance occurred during voir dire when one of the jurors asked Leyva's attorney "is this an insurance company we're going with?," to which counsel responded "there's no insurance company named as a party in this case." This cannot be construed as a comment that Leyva had no insurance. At best, it might suggest to the jury pool that the Samesses had no insurance, which inference we would think might make a jury less, not more, likely to award substantial damages against a defendant. Thus, the record does not support the trial court's stated concern as to coupling Ronald's status as a doctor with information that Leyva did not have insurance.
The court did not find that the verdict was against the manifest weight of the evidence, there was no claim that the verdict was excessive, and no motion for remittitur was made. We would not expect such a request to be granted given the facts of this case. This was a cleanly tried case absent the instant controversy over violation of the order in limine.
Because the court erred as a matter of law as to the standard to be applied in determining a motion for new trial based upon improper argument, as well as its erroneous recollections of the evidence, we reverse the order granting a new trial on damages as to the claim of Luis Leyva and remand for reinstatement of the jury verdict.
KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] We do not address whether it was proper to grant the motion in limine with regard to the defendant's status as a doctor.
[2] While the trial judge questioned Leyva's counsel at the hearing on the other alleged violations of the orders in limine, the court did not make any findings with respect to them but took the entire matter under advisement.