CIKLIN, J.
The defendants below, Geoffrey Choy and Meric Homes, L.L.C. (“Meric”), appeal the trial court’s order granting plaintiff Sandra Faraldo’s motion for new trial on the issues of both liability and damages. We find that the trial court acted within its discretion in granting a new trial on the issue of damages and finding that defense counsel offered inflammatory closing argument which had an unduly prejudicial effect upon the jury. However, we also hold that the court erred in granting a new trial on the issue of liability in that the improper argument was directed exclusively toward the extent of injuries allegedly sustained by Faraldo — and not anything connected to the question of liability.
Facts
This case arose from an automobile accident in which a vehicle driven by Choy collided with Faraldo’s vehicle. Faraldo brought suit against Choy alleging that Choy negligently caused the accident. Faraldo also sued Cho/s employer, Meric, and alleged that Meric was vicariously liable for Cho/s actions because Choy was acting -within the scope of his employment as a pizza delivery driver for Meric at the time of the accident. Choy filed an answer denying liability for the accident. Meric filed a separate answer denying liability for the accident and denying that Choy was acting within the scope of his employment at the time of the collision.
The case proceeded to a trial by jury during which the parties presented extensive and conflicting evidence regarding whether Choy was acting within the scope of his employment and the damages claimed by Faraldo.
During closing argument, Meric’s attorney began to discuss Faraldo’s alleged damages. In disputing Faraldo’s contention that the automobile accident rendered her incapable of earning future income (for which Faraldo’s attorney had suggested damages of $85,000 per year), counsel for Meric displayed a Sports Illustrated magazine to the jury. The cover story prominently portrayed Marc Buoniconti in a *94 wheelchair.[1] As Meric’s attorney was holding up the magazine and displaying its cover to the jury, the following exchange took place:
Meric’s counsel: You all have had an opportunity to sit here for four days to see Mrs. Faraldo. You know her education, you know her training, you know her background, you know her experience. And the response given [by Faraldo’s medical expert witness] was, she can’t do anything.
You know, yesterday in the mail I got the latest issue of Sports Illustrated, August 24, 2009. Nick Buoniconti, his son—
Faraldo’s counsel: Your Honor—
The court: I’m going to sustain the— wait. Let me go ahead and let you make your objection.
Faraldo’s counsel: Okay. For the record, first of all, that’s not in evidence. The court: Yes, that’s correct.
[[Image here]]
Faraldo’s counsel: You’re not supposed to come out with something like this, and he knows that that was totally improper.
Meric’s counsel: Your Honor, I’m allowed to use demonstrative aids.
The court: Not — first of all, that’s very inflammatory. I’m going to sustain the objection, and ask the jury just to disregard the comment and the photograph.
Meric’s counsel: [T]here are people that are in wheelchairs, that do not have limbs, that are blind. You have to evaluate in terms of a big picture, big picture, all of the evidence in this case.
Outside the presence of the jury, Faral-do moved for a mistrial. The trial cburt denied the motion.
The jury returned a verdict finding that Choy was 100% liable for the accident because he was not acting within the scope of his employment at the time of the accident. The jury awarded damages to Far-aldo, but in an amount far less than she sought.
Faraldo moved for a new trial arguing, among other things, that a portion of Meric’s counsel’s closing argument was sufficiently prejudicial and inflammatory to require a new trial. Meric’s counsel acknowledged that the comment was “ill-framed” and “ill-advised,” but Choy and Meric opposed the motion for new trial asserting that a new trial was not warranted. Additionally, Meric argued that even if the court were to grant a new trial on the issue of damages, the court should not disturb the jury’s findings regarding liability because the allegedly improper argument related only to damages. After the hearing, the trial court granted Faral-do’s motion and ordered a new trial against both defendants on all issues. The court rendered a written order which stated in pertinent part:
[ T]he arguments of [Meric’s] counsel during closing were inflammatory, directly appealing to the juror’s [sic] passions and prejudices and based upon matters outside the evidence.... In particular the arguments regarding Marc Buoniconti were intended to and did in fact improperly influence the ju *95 rors in their deliberations in this case.... Although the Court instructed the jury to disregard the argument and photograph of Mr. Buoniconti in a wheelchair ... [the court] find[s] the effect of that inflammatory influence was so great that a new trial is required.
Choy and Meric appeal the order granting a new trial.
Analysis
“The decision on a motion for new trial is within the broad discretion of the trial judge, and an order granting such a motion should not be disturbed on appeal absent a showing of a clear abuse of that discretion.” Leyva v. Samess, 732 So.2d 1118, 1121 (Fla. 4th DCA 1999) (citations omitted); see Saunders v. Dickens, 103 So.3d 871, 877 (Fla. 4th DCA 2012). “[A] stronger showing is required to reverse an order allowing a new trial than to reverse an order denying a motion for new trial.” State Farm Fire & Cas. Co. v. Higgins, 788 So.2d 992, 1006 (Fla. 4th DCA 2001) (citation and quotation marks omitted).
We affirm the trial court’s decision to grant a new trial on the issue of damages. The trial judge acted within the discretion afforded to him when he determined that the comment was improper to the extent that it tainted the verdict as to damages. The trial court witnessed the improper argument and expressly determined that the argument had an inflammatory and prejudicial effect on the jury. From our position as appellate judges reviewing a “cold” record, we ordinarily defer to the trial judge’s rulings on motions for a new trial. See Tanner v. Beck, 907 So.2d 1190, 1196 (Fla. 3d DCA 2005) (“[Florida appellate courts] are also mindful of the superior vantage point enjoyed by the trial judge, which this court and other appellate courts have traditionally deferred to when considering a motion for new trial.” (citation omitted)); Higgins, 788 So.2d at 1006 (“A heavy burden rests on appellants who seek to overturn such a ruling [granting a new trial], and any abuse of discretion must be patent from the record.”) (quoting Castlewood Int’l Corp. v. LaFleur, 322 So.2d 520, 522 (Fla.1975)). In this case, we affirm because we find that reasonable minds could differ regarding the inflammatory and prejudicial impact of the improper argument. See Leyva, 732 So.2d at 1121 (“If reasonable [persons] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.”) (quoting Baptist Mem’l Hosp., Inc. v. Bell, 384 So.2d 145, 146 (Fla.1980)).
Despite our acknowledged deference to the trial court regarding its decision to grant a new trial, we must reverse the court’s decision to grant a new trial as to the issue of liability. See Werneck v. Worrall, 918 So.2d 383, 388 (Fla. 5th DCA 2006) (“Although a trial court has considerable discretion on motions for mistrial or new trial, when reasonable [persons] cannot differ as to the propriety of the action taken by the trial court, the trial court cannot be affirmed.” (citation omitted)). The jury returned a verdict finding Choy solely liable for the accident, and the improper argument of Meric’s counsel could not possibly be construed as affecting any issue related to liability or whether Choy was acting within the scope of his employment when the accident occurred. Additionally, the argument could not reasonably be interpreted as an attempt to somehow shift liability from Meric to Choy.
Accordingly, we reverse the trial court’s order granting a new trial on the issue of liability, and remand the case for a new trial against Choy on the issue of damages. We caution that our holding in this opinion *96 should not be misconstrued as requiring a new trial when a party makes an improper argument similar to that made by Meric’s counsel in this case. If the trial court had denied Faraldo’s motion for new trial under the facts of this case and Faraldo appealed the denial, we would have held that the court did not abuse its discretion in denying the motion.

Affirmed in part, reversed in part, and remanded.

DAMOORGIAN, C.J., and CONNER, J., concur.

. Marc Buoniconti is the son of Nick Buoni-conti, a former star NFL linebacker. Marc Buoniconti was severely injured in a college football game and was rendered a quadriplegic. The Sports Illustrated article detailed Marc Buoniconti’s current work as the president of the Miami Project to Cure Paralysis. See generally S.L. Price, Three Lives, Two Hits, One Happy Ending, Sports Illustrated, Aug. 24, 2009 (describing the life and work of Marc Buoniconti).